### No. 2,481.

JOHN TREAT, RESPONDENT, *v.* WM. FORSYTH *et. al.*, APPELLANTS.

FORCIBLE ENTRY AND DETAINER.—PLEADING.—MISJOINDER.—DEMURRER.—An objection to a complaint, which states in the same count a cause of action for forcible entry and detainer, under the first section of the Forcible Entry Act, of 1866, and also a cause of action for a forcible detainer, under the third section of the same act, is waived unless a demurrer for a misjoinder is interposed.

IDEM.—POSSESSION OF PLAINTIFF.—CONFLICTING EVIDENCE.—Where the evidence is conflicting as to the possession of the plaintiff at the time of the alleged unlawful entry of defendant, the finding will not be disturbed.

IDEM.—UNLAWFUL HOLDING.—The possession of defendant under an unlawful entry is an unlawful holding, in the absence of anything occurring, after such entry to give him a right of possession, as against the plaintiff.

APPEAL from the County Court of the City and County of San Francisco.

This is an action for forcible entry and detainer under the statute of 1866.

Judgment was rendered for the plaintiff for *restitution* of *the premises*, and defendant moved for a new trial; the motion was denied, and defendant appealed from the judgment and from the order denying the motion for new trial.

The defendant cited the following grounds of error in the motion for a new trial, and upon appeal after the motion was denied:

*First*—Errors of law occurring at the trial and excepted to by defendant's counsel, to wit: the admission in evidence of the judgment roll in the District Court of the 12th Judicial District, No. 41,208, and the writ of restitution.

*Second*—Insufficiency of the evidence to justify the findings or judgment of the Court, and that the same are against law in this.

*First*—That the evidence fails to show any possession or right of, in or on the part of the plaintiff at the commencement of this suit, or more than one year prior thereto.

*Second*—That the evidence fails to show any forcible or unlawful entry on the part of the defendants; on the contrary, the evidence shows the entry to have been peaceable, quiet and unobtrusive.

*Third*—That the evidence shows there was no forcible or unlawful holding of the premises; on the contrary, that the same was peaceable, and not held by or with force or threats of any kind.

*Fourth*—That the findings and judgment should have been for the defendants instead of for the plaintiff.

*Shafter, Southard* and *Seawell*, for Appellants.

The complaint in this action is for a forcible entry and detainer. The whole case shows that there was no force in defendant's entry. They entered quietly and peaceably; so that the plaintiff must support his judgment, if he can, on the theory that the defendants, although their entry was peaceable, committed a *forcible detainer*.

But the plaintiff cannot recover, even if a forcible detainer be proved. The complaint in this action consists of one count. It states that the defendants on the 10th of Novem-

ber, 1869, made a forcible entry into the premises, "and have ever since forcibly and unlawfully detained possession of said premises from said plaintiff." The plaintiff having failed to prove a forcible entry, and the alleged forcible detainer being stated as a continuation of the original entry, the plaintiff cannot rely upon such detainer as an independent ground of recovery. Upon this point the case of (*Preston* v. *Kehoe*, 15 Cal. 315;) is conclusive. But even if the complaint be deemed sufficient to support a judgment for forcible detainer, there is no proof of forcible detainer. This Court has repeatedly held that forcible detainer must be accompanied with violence, actual or threatened. (*McEnvoy* v. *Igo*, 27 Cal. 375; *Valencia* v. *Couch*, 32 Cal. 340; *Thompson* v. *Smith*, 28 Cal. 527.)

The plaintiff must, in order to make out forcible detainer, bring the case within the third section of the Act of 1865-6.

The plaintiff was neither an occupant, nor in possession, nor entitled to the possession of the premises, at, or before the time of defendant's entry.

*M. Bergin* and *I. N. Thorne*, for Respondent.

All the facts essential to sustain a cause of action under Section 3 of the Forcible Entry and Detainer Act of 1865-6, are fully alleged, and although the alleging force also was good cause for demurrer, on the ground that separate causes of action were united in the same court, yet appellants having failed to interpose a demurrer, it is now too late to urge the objection. (*Shelby* v. *Houston*, 38 Cal. 410; *Mecham* v. *McKay*, 37 Cal. 155.)

The plaintiff has shown that he was in the actual undisturbed possession of the premises in controversy within five days preceding the unlawful entry. It will be borne in mind that this case was tried by the Court, and although no findings were filed, yet every fact essential to support the judgment is presumed to have been found. (*Satterlee* v. *Bliss*, 36 Cal. 513.)

In conclusion, we would observe that there was evidence on the part of the respondent sustaining the findings of

the Court in his favor, and we apprehend nothing has more frequently been declared by this Court than that a motion for new trial is an appeal to the discretion of the lower Court, with the exercise of which the Appellate Court will not interfere except in cases of wanton abuse. More especially will the Court decline to supervise the discretion of the lower Court where the evidence on which its findings or judgment in the absence of findings rests is at all of a conflicting character, or there is any evidence tending to prove the facts found; and this for the obvious reason that the lower Court before whom the cause is tried has the best means of forming a correct judgment of the degree of credibility to be given to the evidence. (*Satterlee* v. *Bliss* et al., 36 Cal. 515; *Ritter* v. *Stock*, 12 Cal. 402; *Stevens* v. *Irwin*, 15 Cal. 504; *Wilcoxson* v. *Burton*, 27 Cal. 232.

Rhodes, C. J. delivered the opinion of the Court, Temple, J., Crockett, J., and Wallace, J., concurring:

The complaint states, in the same count, a cause of action for a forcible entry and detainer, such as is mentioned in the first section of the Forcible Entry Act of 1866 (Stats. 1865-6, p. 768) ; and also a cause of action, for an entry upon the premises during the absence of the plaintiff, and a refusal to surrender the same after a demand made therefor, etc., which is declared by the third section of that Act to constitute a forcible detainer. As no demurrer was interposed for the misjoinder, the objection is waived.

The defendants, in their points, do not insist on their objection to the judgment roll, which was admitted in evidence, and therefore it will not now be considered.

The remaining grounds of their motion for a new trial will be noticed in the order in which they were presented. The first specification of the insufficiency of the evidence to sustain the implied findings—no finding having been filed—is, in substance, that the evidence fails to show that the plaintiff was in possession of the premises at the time of the entry of the defendants. The evidence on this point is

conflicting, and, therefore, the finding will not be disturbed. The specification that the evidence failed to show that the *plaintiff* was in possession at the commencement of the action, if read literally, is fully borne out by the record ; but it is difficult to appreciate the merit of the point ; for had the evidence shown that the plaintiff was in possession, he certainly would have failed in the action.

The second specification is that the evidence fails to show a forcible or unlawful entry by the defendants. The plaintiff having alleged an entry during his absence, and a demand for the surrender of the premises, as provided for in the third section of the Act, it was not incumbent on him to prove an entry which was in fact forcible. The entry proven was clearly unlawful, in view of the evidence already alluded to, tending to show the plaintiff's possession at the time of the defendant's entry.

The third specification is, that there was no evidence of the forcible or unlawful holding of the possession by the defendants. The answer to the second specification is applicable, also, to this. The defendants were shown to be in possession of the premises, and their entry having been unlawful, and nothing thereafter having occurred to give them the right of possession as-against the plaintiff, their holding was unlawful.

The fourth and last specification is, " that the findings and judgment should have been for the defendants instead of for the plaintiff." This is not a specification in any sense, and is utterly useless as a ground of the motion for a new trial in any case whatsoever.

Judgment affirmed.