[No. 3,652.]

# WINFRED POWELL v. M. B. LANE, JOHN LANE, AND MARY LANE.

UNLAWFUL DETAINER.—One who has title and present right of entry, is
not guilty of an unlawful entry into a building if he enters peaceably and
in good faith.

FORCIBLE ENTRY.—One who has the title and present right of entry, is
not guilty of a forcible entry into a building if he enters in the absence of
the occupant, and quietly and peaceably removes the occupants' furniture.

APPEAL from the County Court of El Dorado County.

This action was brought in September, 1872, under the
Forcible Entry and Detainer Act of 1866, to recover posses-
sion of a house. The building is on the southeast quarter of
section fourteen, township ten north, range eight east, Mount
Diablo meridian. The complaint contains three counts: the
first under the first section of the statute for a forcible entry;
the second under the second section for a forcible detainer;
and the third under the third section for a forcible detainer.
In 1859 the defendant moved upon the land but not into the
house in controversy; and three years before the commence-
ment of the suit he paid for the land and received a certifi-
cate of purchase from the United States. A patent was
issued to him October 25th, 1871, but was not delivered
until some time afterwards. The house in controversy had
been vacant for some years prior to October 26th, 1871, on
which date, in the evening, the plaintiff entered and took
possession, occupying it herself with her family. The de-
fendant on several occasions notified her to leave, and in
April, 1872, he dug post holes for a fence in front of the
house. On the 15th of July, 1872, about noon, while the
plaintiff was absent, the defendant went to the house, went
in and took possession, removing the plaintiff's furniture,
without violence, to the other side of the road. When the
plaintiff returned in the evening she was refused admission.

On the next day she demanded the possession, and being refused brought this action. For the purpose of showing good faith the defendant was permitted to introduce his patent in evidence. The Court below instructed the jury that "if the defendants had the title and present right of possession that they might take possession of their property peaceably," and that " a peaceable entry made in good faith was not unlawful." The plaintiff excepted to the instructions. The defendant had judgment and the plaintiff appealed.

*George E. Williams,* for Appellant, argued that under the third section of the Act a cause of action had been made out, and cited *Randall* v. *Falkner,* 41 Cal. 242. He also argued that by the admission of the patent and the instructions, the Court below had tried the question of title, as the jury must necessarily have looked into the title conveyed by the patent.

*George G. Blanchard,* for Respondent, cited *Shelby* v. *Houston,* 38 Cal. 410; and *Townsend* v. *Little,* ante, 673.

By the COURT:

The facts of the case do not bring it within the provisions of either the first or second section of the Forcible Entry and Detainer Act of 1866; nor can the action be maintained under the third section, for an entry is not unlawful, within the meaning of that section, which was made peaceably and in good faith. (*Shelby* v. *Houston,* 38 Cal. 410–22; *Townsend* v. *Little,* ante, 673.) In this case the entry of the defendant was lawful, peaceable, and in good faith.

Judgment and order affirmed.