[No. 11219.   Department Two. — June 20, 1888.]

## BANK OF CALIFORNIA, RESPONDENT, v. GEORGE TAAFFE ET AL., APPELLANTS.

FORCIBLE ENTRY AND DETAINER — SCRAMBLING POSSESSION — Instance in
which the rule as to scrambling possession laid down in *Bowers* v.
*Cherokee Bob*, 45 Cal. 498, held not to apply.
ID.— FORCE. — Instance of a case of force.
ID. — GOOD FAITH. — The question of good or bad faith does not arise in an
action of this character.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion.

*Henry E. Highton, James L. Crittenden*, and *Crittenden
& Moses*, for Appellants.

No such *possessio pedis* as the law contemplates as the
foundation for an action of forcible entry or forcible
detainer was shown to have existed for five days, or for
any period, in the respondent. (*Voll* v. *Butler*, 49 Cal.
74; *Bowers* v. *Cherokee Bob*, 45 Cal. 495; *Conroy* v. *Duane*,

45 Cal. 597; *Owen* v. *Doty*, 27 Cal. 502.) The evidence failed to show that the defendants had been guilty of a forcible entry or of an unlawful entry and a forcible detainer. (Code Civ. Proc., secs. 1159, 1160; *Minturn* v. *Burr*, 16 Cal. 107; *Shelby* v. *Houston*, 38 Cal. 423; *Dennis* v. *Wood*, 48 Cal. 361; *Potter* v. *Mercer*, 53 Cal. 667; *Hodgkins* v. *Jordan*, 29 Cal. 577; *Polack* v. *McGrath*, 25 Cal. 54; *Conroy* v. *Duane*, 45 Cal. 597; *Powell* v. *Lane*, 45 Cal. 677.)

*Newlands, Allen & Herrin*, and *Wilson & Wilson*, for Respondent.

HAYNE, C.—Action of forcible entry and detainer. The court below gave judgment against the defendants, George Taaffe, Anna Taaffe, and John Finlay, and they appeal from the judgment and an order denying their motion for a new trial. Several points are made on their behalf.

1. It is said that no peaceable possession by the plaintiff was shown. The statute provides that one who has been "in the peaceable and undisturbed possession" for five days preceding the unlawful entry may maintain the action. (Code Civ. Proc., sec. 1160.) This provision is substantially the same as that of section 3 of the act of 1866. (See Laws 1865–66, p. 769.) The evidence shows that on June 24, 1879, one Thompson, who was the agent of the bank, went to the premises which were then unoccupied, took off the locks on the doors, and put one Phillips, another employee of the bank, in possession. Phillips remained in possession for the bank until July 19th. On the evening of the day he went there, one of the defendants came there, and wanted to know by what authority he was there, and the reply was, that he was there by authority of Mr. Thompson for the bank. This seems to have been all that was said. There was no hostile demonstration. Except for this there was no moles-

tation of any kind. Phillips's testimony in this regard is as follows: "Q.—During the time you were there, did anybody say you were in unlawful possession, or deny your right to be there? A.—No, sir. Q.—From the 24th of June to the 19th of July, 1879, did anybody come there and demand the property in any way, directly or indirectly? A.—No, sir; not at all. Q.—You were not molested or troubled in any way in your possession? A.—No, sir." There is no testimony in conflict with this.

The appellants contend that the possession was a mere "scrambling" possession, and cite the case of *Bowers* v. *Cherokee Bob*, 45 Cal. 498. In that case (which arose under the act of 1866), the plaintiff proved an undisturbed possession of more than five days; and the defendants offered to prove that, "about a month" before, they had attempted to enter, but were driven off by plaintiff by a hostile demonstration. The appellate court held that they ought to have been allowed to prove this, because it tended to show that the plaintiff's possession was not "peaceable," but was "scrambling." The theory of the decision seems to have been that the terrorizing effect of the hostile demonstration must be supposed to have continued down through the month. Wallace, J., dissented, on the ground that the occurrence "about a month" before was too remote to affect the character of the plaintiff's possession. The general doctrine as to scrambling possession has been followed in other cases.

But in the present case there was no evidence of any previous hostile demonstration or use of force. When plaintiff took possession on June 24, 1879, the place was unoccupied. It does not appear who had been in possession immediately before that, or that there was any disturbance or scrambling between the parties. The defendant Anna Taaffe says in a general way that she had been in possession since the death of her husband,

in 1874 (but gives no facts in regard to such possession), and that "they forced me out of possession," and that she could not tell how long she remained out. It is impossible to tell what she alludes to, or the time she refers to, or what kind of force was used. For all that appears in the record to the contrary, she may have been "forced out" under a decree of a court.

The witness Thompson, who had had charge of the real property of the bank for about two years previous to July, 1879, testifies that the first he had to do with the property was in January, 1879, when he found some tenants of Anna Taaffe in possession, and that he then served on them a demand for possession; but there was no disturbance of any kind.

This being the evidence, it is very plain that the case is not like that of *Bowers* v. *Cherokee Bob*, 45 Cal. 498. In the first place, there was no evidence of any previous disturbance. And in the second place, if any act of force is to be inferred from the vague remark of Mrs. Taaffe, it was at least six months before the time the plaintiff took possession; and we think that in such case the observation of Wallace, J., in the case referred to, would certainly apply, and that such occurrence was too remote to affect the character of plaintiff's possession.

2. It is contended that no force was used by the defendants. The evidence shows that during the temporary absence of Phillips on July 19th the defendant Finlay took possession. He found the door locked, and got in the window, and put the things of Phillips out of the house. In so doing he acted as the agent of the other appellants. When Phillips returned he found his things in the yard, and Finlay inside the house, standing at the window with a pistol in his hand. Finlay told him not to come around there, and Phillips said not to shoot, as he was unarmed. After some conversation, he left, and did not return. Phillips says he thought Finlay would shoot if he attempted to go in. But Finlay

made no threat that he would shoot otherwise than by having the pistol in his hand, which, he testified, was not loaded, and not even put together.

We think it clear that there was force within the meaning of the statute. (See *Dickinson* v. *Maguire*, 9 Cal. 49; *Ely* v. *Yore*, 71 Cal. 133.)

3. During the trial the defendants gave some vague evidence tending to show a long-continued possession by their predecessors many years previous, and introduced a chain of title from one William Taaffe. This evidence was introduced to show that the entry of defendants in July, 1879, "was made in good faith, under a *bona fide* claim and color of title." In rebuttal, the plaintiff introduced a chain of title from William Taaffe to the bank. The plaintiff's counsel first offered the documents for the purpose of rebutting the evidence of the defendant's good faith; but the court refused to admit them for this purpose. The counsel then reoffered them for the purpose of showing "that whatever possession William Taaffe had of this property was transferred to the plaintiff." And the court thereupon admitted them.

If it be conceded that there was error in the admission of this evidence, it is apparent that there was no injury. The question of title was put in issue by the pleadings, but no finding was made with respect to it. The evidence could not, therefore, have had any effect in this regard. The question of good or bad faith does not arise under the code in this kind of action (*Voll* v. *Hollis*, 60 Cal. 574, 575); and inasmuch as the court refused to admit the evidence as bearing upon that question, it is apparent that it could not have had any effect in that regard. And so far as the question of possession is concerned, the evidence of the plaintiff's actual and peaceable possession for the period required by the statute is so clear that we do not think the result could have been different, or that the constructive possession supposed to

arise from the documents could have had any appreciable effect upon the mind of the court.

The other matters do not require special notice.

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., concurred.

BELCHER, C. C., took no part in this decision.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.