[No. 11339.   In Bank.—October 23, 1888.]

FRANK McCORMICK, APPELLANT, v. MARTIN SHERIDAN, RESPONDENT.

FORCIBLE DETAINER— ACTUAL POSSESSION. —To maintain an action of forcible detainer, the plaintiff must show that, within five days before the unlawful entry by defendant, he was in the peaceable and actual possession of the demanded premises. To constitute such possession of agricultural land, it is not absolutely necessary that the land be inclosed; but if not inclosed, it must appear that plaintiff had exercised exclusive dominion and control over that portion of the land of which the defendant took possession. If the defendant has not interfered with any portion of the land which was within the exclusive dominion of the plaintiff, the action cannot be maintained.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion.

*Shafter, Parker & Waterman,* for Appellant.

*Mich. Mullany,* for Respondent.

BELCHER, C. C.—This is an action of forcible detainer to recover possession of 160 acres of land. It is alleged in the complaint that on the fifth day of December, 1884, and for five days prior thereto, the plaintiff was in the peaceable and actual possession and occupation of the northwest quarter of section 17 in a certain described township; that on the said fifth day of December, and in the night-time, the defendant unlawfully entered upon said land and took possession of the same; and that on the twenty-second day of the same month plaintiff made a demand that defendant surrender to him the possession of the land, but defendant neglected and refused, for the period of five days after such demand, to surrender possession of the same, and still holds and continues in possession thereof.

The answer denies that on the fifth day of December, 1884, or on all or any of the five preceding days, plaintiff was in the peaceable or actual possession or occupation of the land in controversy; denies that defendant unlawfully entered upon or took possession of the land; and alleges that it was public land subject to pre-emption, and that defendant was a qualified pre-emptor, and entered upon the land with the intention and for the purpose of pre-empting the same under the laws of the United States.

The case was tried before a jury, and a verdict returned for defendant, on which judgment was entered. The plaintiff then moved for a new trial, and, his motion having been denied, appealed from the judgment and order.

No errors of law are assigned, but it is argued that the verdict was not justified by the evidence.

The record is somewhat voluminous, but the material

facts may be briefly stated as follows: The plaintiff claimed to have held the quarter-section in question for several years under a lease, but when asked by defendant to produce the lease declined to do so. The land had never been inclosed. There was a small house on it, in which was some furniture, and a barn in which was some hay. There were also on the place some farming utensils. Plaintiff had cultivated some of the land, and in the year 1884 had raised some hay and some wheat and barley upon it. The hay was stored in the barn, and the wheat and barley, as soon as thrashed, were hauled away. In the spring of 1884 plaintiff summer-fallowed a part of the land, and he estimated the number of acres summer-fallowed at from thirty to forty, while the defendant, and another witness called for him, estimated the number at only four.

Plaintiff owned the southwest quarter of section 18 in the same township. This quarter-section was inclosed, and on it plaintiff raised hay and grain, and kept all his horses, cattle, and hogs, and had a dwelling-house and barn. Plaintiff was residing in this house on section 18 when the time came to harvest his crops on section 17. He then went with his wife and children to the house on the last-named section, and remained there till the harvesting was completed. He then returned to the house on section 18, and lived there till about the 13th or 14th of December. On the 5th of December, some time after sundown, defendant entered upon the disputed quarter-section and erected a small cabin, in which he took up his residence and was living when this action was commenced and the trial had. There is no evidence to show that he did anything to disturb the plaintiff's rights, except that on one day he set fire to and burned a little stubble and straw. One of the plaintiff's witnesses testified that he owned thirty-four acres of the quarter-section in question, but what part of it he did not say, and it was not pretended that plaintiff had any lease from him.

About a week after the defendant's entry, the plaintiff returned with his family to the house on the disputed land, and continued to reside there up to the time of the trial. In reference to this, the plaintiff testified: "It was on the 14th of December, and on the second Sunday after Sheridan came there, that we moved back into the house on section 17. I have been plowing on section 17 since Sheridan came, and have been and am now living with my wife and all my children in my house on section 17; Sheridan has not interfered with us."

Upon these facts, it is difficult to see how the verdict could have been other than it was. To maintain an action of this kind, the plaintiff must show that within five days before the unlawful entry by defendant he was in the peaceable and actual possession of the demanded premises. (Code Civ. Proc., secs. 1160, 1172.)

To constitute such a possession of agricultural land, it is not absolutely necessary that the land be inclosed; but if not, it must appear from the other facts and circumstances shown that the plaintiff was exercising exclusive dominion and control over it. Here the quarter-section was not inclosed, and there was nothing to show that plaintiff had ever exercised any exclusive dominion and control, except over those parts of it occupied by his buildings, and used by him for the purposes of raising hay and grain. But the defendant never took possession of or interfered with the buildings or the hay and grain land. And the plaintiff, according to his own testimony, was in full possession of all that part of the property when he commenced his action and when it was tried.

It results, we think, that the judgment and order should be affirmed.

Foote, C., and Hayne, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.