[Civ. No. 432. First Appellate District.—March 16, 1908.]

## J. A. GOLDSTEIN, Appellant, v. JAMES S. WEBSTER, Respondent.

LEASE FOR A YEAR BY AGENTS—WRITTEN AUTHORITY REQUIRED.—A contract for a lease by agents of the owner to commence in future and to continue for one year, without written authority from the owner to make such lease, is void.

ID.—LICENSE TO AGENTS TO LEASE SUBJECT TO APPROVAL—APPROVAL WITHHELD—VALID LEASE BY OWNER TO THIRD PARTY.—Where the owner granted a license to the agents to lease subject to approval, and the lease made by the agents was not approved, the license was thereby revoked, and a lease subsequently made by the owner to a third party was valid.

ID.—FORCIBLE ENTRY AND DETAINER AGAINST OWNER BY LESSEE OF AGENTS—POSSESSION NOT TAKEN—NONSUIT.—Where no possession was ever taken under the lease granted by the agents, an action of forcible entry and detainer will not lie by their lessee against the owner, who entered peaceably and leased to the third party, and placed him in possession, and a nonsuit was properly granted in such action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Samuel M. Samter, for Appellant.

Lindley & Eickhoff, for Respondent.

7 Cal. App.—45

HALL, J.—This is an appeal from a judgment on nonsuit granted upon motion of defendant at the close of the evidence for plaintiff.

The action is for forcible entry and detainer, and the complaint is so drawn as to state a cause of action under both sections 1159 and 1160 of the Code of Civil Procedure.

The only ruling presented for review, aside from the order granting the nonsuit, is the action of the court sustaining an objection of defendant to the offer of a receipt dated April 20, 1906, and shown to have been signed and delivered that day by "Baldwin & Howell, agents." The instrument purported to be a receipt for $25 as a deposit on account of rent of the premises sued for at $60 per month, for the term of one year commencing on the first day of May, 1906. The objection was upon the ground, among others, that it was void as against defendant, no written authority to the agents being shown, and the lease being for a term to commence in the future. At the time of the offer no written authority had been shown. Subsequently plaintiff proved that no written authority had ever been given by the defendant to Baldwin & Howell. Treated as a lease the instrument was void as against defendant. (*Wickson* v. *Monarch Cycle Mfg. Co.*, 128 Cal. 158, [79 Am. St. Rep. 36, 60 Pac. 764].)

Furthermore, the entry complained of is alleged and claimed to have occurred prior to April 24th, while the receipt did not purport to confer any right upon plaintiff until May 1st. It therefore did not tend to show either a right of possession by plaintiff or any actual possession by plaintiff, at the time of the entry complained of. The court did not err in sustaining the objection.

Plaintiff in his testimony showed that his only claim of right to the possession of the premises, and his only possession—if any he ever had—of the premises was as a tenant of defendant.

The evidence in the case shows that on April 20, 1906, plaintiff applied to Baldwin & Howell to rent the premises in suit, being two stores numbered 1109 and 1111 Fillmore street. It was shown that Baldwin & Howell had no written authority from the owner, the defendant, and was only orally authorized to lease the stores subject to the approval of defendant. Baldwin & Howell, as agents, did, however, on the

twentieth day of April, 1906, through Mr. Baldwin, rent to plaintiff the two stores at a rental of $60 a month for the term of one year, commencing May 1, 1906, and accepted as a deposit on the rental $25. Baldwin then went with plaintiff to the stores, told plaintiff to get the keys from a billiard parlor, which he did. They went into the stores, and plaintiff tore down the "To Let" signs of Baldwin & Howell. Plaintiff picked up a piece of plaster that was lying on the floor, and wrote on it "This store will be opened as a first-class clothing and furnishing goods store," and placed it in the window where it could be seen by the public. He then said to Mr. Baldwin that the plaster would need fixing, and Baldwin replied that that would be done. Plaintiff then said that he would like to take out the partition between the two stores at his own expense, and Baldwin said the landlord will not object to that. They then left the premises, plaintiff locked the doors, and retained the keys, although there was a tag attached to each with the direction "Lock the doors and return this key to billiard parlor." This was in the morning, and plaintiff again in the afternoon visited and entered each store. The keys remained in his possession, and, we think it may be fairly inferred from the evidence, with the knowledge and consent of Mr. Baldwin.

The foregoing is all the evidence tending to show any possession or occupation of the premises by plaintiff.

Plaintiff went to the country, where he had been living, and on his return several days later found the stores in the possession of others. He made a demand on defendant for the premises, and tendered to him the rent, but defendant refused to accept the rent and refused to give him possession of the premises.

There is no evidence of how defendant entered the stores or got the doors opened except what may be inferred from the fact that he gave to the person, to whom he rented the premises on April 24th, keys to the doors, and keys to padlocks which had been placed thereon.

The trial court granted the nonsuit upon the ground that the plaintiff was not in the possession of the premises when the entry complained of occurred.

We think the court was correct in thus holding. The lease was by its terms to commence in the future (May 1, 1906),

and having been made by an agent without written authority was void. (*Wickson* v. *Monarch Cycle Co.,* 128 Cal. 158, [79 Am. St. Rep. 36, 60 Pac. 764].) Furthermore, the evidence shows that the only authority of Baldwin & Howell from defendant was to lease the premises subject to the approval of defendant. Defendant never approved the lease, but, on the contrary, leased the premises to one Mr. Wolfe, and put him in possession on April 24, 1906. Plaintiff never in fact occupied the stores, either by himself or by any employee or agent. He never put any of his goods or possessions therein. He simply had possession of keys to the stores, and this was unauthorized by the owner of the stores. The owner of the premises (defendant) seems also to have had possession of keys to the stores, for he delivered to Mr. Wolfe keys to the doors of the stores on April 24th. Under the circumstances above set forth the mere possession of keys to the stores did not give to plaintiff possession of the stores as against the owner thereof. The permission to remove the partition between the stores, even if it had been authorized, added nothing to the strength of plaintiff's possession. The most that can be claimed for it is that it gave a license to enter for the purpose of removing the partition prior to the beginning of the term, which was never acted upon. Such a license is revocable, even if it had been authorized by the owner. (*Potter* v. *Mercer,* 53 Cal. 667.)

Furthermore, even if it be conceded that plaintiff had a possession of the premises sufficient to warrant an action for forcible entry and detainer, the evidence wholly fails to show that the entry by the defendant was either forcible or unlawful. As before stated, the evidence shows that the lease under which plaintiff claims was void. The evidence also shows that the possession, if he had any, was without authority from the owner (defendant). Defendant therefore had a right of entry, and the possession of plaintiff, if any he had, was unlawful as against defendant. The owner, with a right of entry, of lands unlawfully in the possession of another, may, during the absence of such occupant, peaceably and without force or violence, take possession thereof, and his subsequent refusal to deliver possession to such occupant does not make him guilty of either a forcible entry or forcible detainer. (*Potter* v. *Mercer,* 53 Cal. 667; *Powell* v. *Lane,* 45 Cal. 677.)

In *Powell* v. *Lane,* 45 Cal. 677, the action was brought under the forcible entry and detainer act of 1866 [Stats. 1865-66, p. 768], which was substantially identical with sections 1159 and 1160 of the Code of Civil Procedure. Like the case at bar, the complaint was so framed as to state a cause of action under each section of the act. Defendant was the owner of the premises in suit (a dwelling-house), but plaintiff had been in possession thereof with her family for over a year. During the absence of plaintiff defendant went into the house and took possession, removing plaintiff's furniture, without violence, to the other side of the road. On plaintiff's return she was refused admission, and the next day she made a written demand for possession, so as to bring herself within section 3 of the act (corresponding to subdivision 2 of section 1160, Code of Civil Procedure), and being refused, brought her action. It was held that plaintiff could not recover.

To the same effect is *Potter* v. *Mercer,* 53 Cal. 667, which was brought under sections 1159 and 1160 of the Code of Civil Procedure, and in its essential features is much like the case at bar. The plaintiff, pending negotiations with the owners of a certain store for a lease thereof, obtained permission to fit up the store with shelves, etc., and thereupon obtained the key to the store, and immediately employed a carpenter, who, on the same day, took lumber into the building and commenced work. The negotiations for the lease were not consummated, and the license to enter was revoked on the same day. It was held that the owners, after revoking the license to enter, had a right to re-enter if they could do so peaceably and without violence, and having entered and obtained possession peaceably they were not guilty of forcible entry or detainer for refusing to permit the plaintiff to enter.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.