[Civ. No. 1183.    Second Appellate District.—December 9, 1912.]

## GORDON L. DUTCHER, Respondent, v. LOUIS N. SANDERS, Appellant, F. E. JORDAN, Codefendant.

FORCIBLE DETAINER—TRESPASS—PREFERENTIAL HOMESTEAD UPON SUSTAINED CONTEST OF DESERT ENTRY FOR FRAUD IN LAND DEPARTMENT, NO DEFENSE.—In an action of forcible detainer, where the defendant trespassed upon the actual possession of the plaintiff, the fact that he entered as a preferential homestead claimant, upon a sustained contest in the land department of the United States, of a desert entry claimed by plaintiff as assignee, for fraud of his assignor in making the entry, is no defense to such action, and evidence of such defense should have been excluded.

ID.—UNLAWFUL ENTRY AND WITHHOLDING OF PROPERTY—REFUSAL TO SURRENDER POSSESSION UPON LAWFUL DEMAND.—Since plaintiff was the occupant and in peaceable possession of the property, defendant's entry thereon, during his absence, and without his consent, followed by refusal to make restoration thereof for a period of five days, after service upon him of a demand in writing that he do so, was, as to plaintiff, unlawful within the meaning of the term as used in the statute. The entry being unlawful, the act of withholding was likewise unlawful.

ID.—LIMITED DEFENSE TO ENTRY—CONSENT OF OCCUPANT—RIGHTS OBTAINED FROM ANOTHER SOURCE NOT A PROPER ISSUE.—The defendant may show, as a limited defense to the entry that it was made with the consent of the occupant; but where the entry is based upon an alleged right obtained from another source than such occupant, such fact is not a proper issue upon the trial of the case. The word "unlawful" as used in the statute means unlawful with respect to the relations between the plaintiff and the defendant.

ID.—ILLUSTRATION OF UNTENABLE DEFENSE TO FORCIBLE DETAINER.—
If A procure from B a contract to convey land to him, and B
puts A in possession; and B thereafter claiming that A procured
the contract by fraud, conveys the land to C, who, in A's absence,
enters upon the land without A's consent, he cannot, in A's action
of forcible detainer justify the refusal to surrender the possession
to A, by a showing of the alleged fraud and the subsequent grant
by B to him. The position of the government in a like case is not
different from that of the individual.

ID.—POSSESSION OF PLAINTIFF NOT TO BE INTERFERED WITH—RIGHT
TO DAY IN COURT.—Where it appears that plaintiff's rights under
his desert-land entry was recognized by the government for more
than three years, the fact that a department of the government
having power to ascertain the facts decided that such consent was
procured by fraud, and gave to the defendant a homestead entry,
did not warrant the defendant in entering upon plaintiff's actual
possession of the property, without his consent and against his will,
thus depriving the plaintiff of the property without a day in court,
in which the legality of the departmental decision could be deter-
mined.

APPEAL from an order of the Superior Court of Imperial
County. denying a motion for a new trial. Franklin J. Cole,
Judge.

The facts are stated in the opinion of the court.

Trask, Norton & Brown, Frank E. Dunlap, and Dan V.
Noland, for Appellant.

Conkling & Brown, for Respondent.

SHAW, J.—Action of forcible detainer. Judgment for
plaintiff. Defendant moved for a new trial, and from an
order denying his motion, prosecutes this appeal.

The action grows out of the following facts: The land, con-
sisting of one hundred and sixty acres in Imperial County,
was, in 1903, unoccupied government land. In February of
said year, one Johnson made a desert-land entry thereon, and
in July, 1905, made final proof of occupation and reclama-
tion thereof. In June of said year she assigned and trans-
ferred her title and interest therein to plaintiff, who, on June
28, 1907, after doing considerable work in improving the same,
leased it to one Williams, at an annual rental of four dollars

per acre, for a term of three years, and he in turn sublet to other tenants, who cropped the same or a portion thereof. In January, 1908, defendant Sanders attacked the entry of Johnson and that of plaintiff, as her assignee, by filing in the United States land office at Los Angeles a contest based upon alleged fraud in the making of the entry. Upon trial this contest was decided against plaintiff, and defendant Sanders was awarded the preferential right of entry upon the land, which decision was, upon appeal, affirmed by the secretary of the interior. Thereafter, within thirty days of the notice granting to him the right of entry upon the land, defendant Sanders filed in the United States land office his application for entry of the same as a homestead, which application was duly allowed, and about September 1, 1910, he, without consent or knowledge of plaintiff, entered upon the land. At the time when Sanders took possession the term for which plaintiff had leased the land to Williams and that of the subtenants had expired, though the crops grown the last year had not been removed therefrom by the tenants. These tenants, considering that their lease had expired, made no objection to Sanders's entry, and plaintiff, who was not present at the time, did not know of the entry until some time thereafter, when, upon learning of it, he brought this suit.

The action was brought under subdivision 2 of section 1160 of the Code of Civil Procedure, which provides that "every person is guilty of a forcible detainer . . . who, . . . during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant." The answer admitted the demand for possession and defendant's refusal to comply therewith, and the court found "That on the 1st day of September, 1910, and for more than three years previous thereto, plaintiff was in the peaceable and actual possession and occupation" of the land; "that on or about the 1st day of September, 1910, during the absence of plaintiff therefrom, Louis N. Sanders unlawfully entered upon said land and took possession thereof"; "that said Louis N. Sanders unlawfully holds and continues in possession of the said premises."

That at the time of defendant's entry plaintiff was, and for several years had been, subject to the rights of his tenants, in the peaceable possession of the land, and that he had during such period fenced, leveled, and prepared it for irrigation and caused annual crops to be grown thereon, admits of no controversy. While plaintiff did not reside upon the land, nevertheless, since admittedly the rights of the tenant had terminated with the expiration of the lease, he was the occupant in the peaceable and actual possession thereof and exercised exclusive control and dominion over it. (*McCormick* v. *Sheridan,* 77 Cal. 253, [19 Pac. 419].) Nor, in our opinion, is there any doubt as to the evidence showing the entry to have been unlawful. Plaintiff being the occupant and in the peaceable possession of the property, defendant's entry thereon during his absence and without his consent, followed by refusal to make restoration thereof for a period of five days after service upon him of a demand in writing that he do so, was as to plaintiff unlawful within the meaning of the term as used in the statute. The entry being unlawful, the act of withholding was likewise unlawful. (*Treat* v. *Forsyth,* 40 Cal. 484.)

Conceding all this to be true, appellant's contention is that the effect of these findings was nullified by the court finding in accordance with an allegation of the answer, "That on or about the sixteenth day of May, 1910, the commissioner of the general land office, department of the interior of United States, in the case of *Louis N. Sanders* v. *Orpha C. Johnson and Gordon L. Dutcher, assignee,* cancelled a previously existing desert-land entry upon said land, under which desert land entry the said Gordon L. Dutcher was claiming said land, and awarded a preference right of entry to said Louis N. Sanders; that on or about the 1st day of August, 1910, the defendant Louis N. Sanders made homestead entry of said land at the U. S. land office at Los Angeles, California, and paid the required fees thereon, and was given homestead receipt therefor.'' The allegation had no proper place in the answer and evidence in support thereof should have been excluded. Had the court given the finding the effect contended for by appellant, the error would have been ground for reversal upon an appeal prosecuted by plaintiff. Such facts so found did not warrant the action of defendant in retaining possession of

the land, and by its conclusion of law based upon the findings the trial court so held. We are in full accord with this ruling. Appellant's claim finds apparent support in the case of *Goldstein* v. *Webster*, 7 Cal. App. 705, [95 Pac. 677], where the court, speaking through Justice Hall, says: ''The owner, with a right of entry, of lands unlawfully in the possession of another, may, during the absence of such occupant, peaceably and without force or violence, take possession thereof, and his subsequent refusal to deliver possession to such occupant does not make him guilty of either a forcible entry or forcible detainer.'' In support of the proposition the learned writer of that opinion cites *Potter* v. *Mercer*, 53 Cal. 667, and *Powell* v. *Lane*, 45 Cal. 677. The language used was not necessary to a determination of the facts in that case, as it was there held that the plaintiff, who claimed to have been ousted, was not the occupant and never had been in possession of the property. It appears from the facts of this case and those in the cases cited in the opinion that the questions there presented involved alleged contractual relations between the parties with respect to the entry made. Not so, however, in the case at bar. Under the provisions of the code heretofore cited, where entry is made upon the actual possession of another without his consent, the retaining of possession for a period of five days after demand therefor is unlawful (*Voll* v. *Hollis*, 60 Cal. 569); and in an action brought upon such provision defendant's right to possession, unless based upon a claim that the entry was made with consent of plaintiff, is not in issue, and hence immaterial. In the case last cited the court quotes with approval the language used in *McCauley* v. *Weller*, 12 Cal. 500, wherein it is said: ''Questions of title or right of possession cannot arise; a forcible entry upon the actual possession of plaintiff being proven, he would be entitled to restitution, though the fee simple title and present right of possession are shown to be in the defendant. The authorities on this point are numerous.'' In *Voll* v. *Hollis*, 60 Cal. 569, counsel insisted that ''in an action for statutory forcible detainer, when the question of actual force is not in issue, but the only question to be determined is whether the entry was unlawful if made during the absence of the occupant, the defendant should be permitted to show his right of entry. If he has

the right of entry it cannot be unlawful; and if he enters in good faith under the belief that he has the right of entry, such entry is not unlawful within the meaning of the statute''; in response to which the court there said: ''Whether the cases in which it was held that a defendant charged with an unlawful entry and forcible detainer might introduce a conveyance to him of the premises as evidence that his entry was in good faith, and therefore not unlawful within the peculiar meaning given to that word by the decisions referred to by counsel for respondents, be correct or not, under the statute as it then was, such conveyance is not admissible under the provisions of the Code of Civil Procedure, which treats only of forcible and peaceable entries. Under the code, all entries on the actual possession of another are unlawful, and the question of good or bad faith on the part of the defendant no longer affects the right of the recovery in this form of action.'' In line with *Voll* v. *Hollis* is *Giddings* v. *Land & Water Co.,* 83 Cal. 96, [23 Pac. 196]; *Bank of California* v. *Taaffe,* 76 Cal. 630, [18 Pac. 781]; and *Carteri* v. *Roberts,* 140 Cal. 166, [73 Pac. 819]; where it is said: ''There can be no doubt as to the correctness of the doctrine established by those cases.'' From all of which we conclude that where a defendant in an action of forcible detainer, brought under the provisions of subdivision 2 of section 1160 of the Code of Civil Procedure, claims that his entry was made with the consent of the occupant of the land, he may prove such fact, as tending to show that his entry was lawful, but where the entry is based upon an alleged right obtained from another than such occupant, such fact is not a proper issue in the trial of the case. The word ''unlawful,'' as used in the section, means unlawful with respect to the relations between plaintiff and defendant. (*Carteri* v. *Roberts,* 140 Cal. 166, [73 Pac. 819].) If A procure from B a contract whereby the latter agrees to convey to the former a tract of land and B place him in possession thereof and thereafter B, claiming the contract to have been obtained by fraud, conveys the land to C, who, in the absence of A, enters upon the land without A's consent, he cannot in an action of forcible detainer justify the refusal to surrender to A by a showing of the alleged fraud and subsequent grant by B to him. We do not understand the posi-

tion of the government in such cases to be different from that of the individual. Plaintiff's entry and continued peaceable possession of the land in question for a period of more than three years was with the consent of the government. The fact that a department of the government having power to ascertain the facts constituting the alleged fraud decided that such consent was procured by fraud, and gave defendant a homestead entry thereof, did not warrant him in taking possession against the will of plaintiff, thus depriving plaintiff of the property without according to him a day in court where the legality of the departmental decision could be determined.

The order is affirmed.

Allen, P. J., and James, J., concurred.