ROBERT L. CAMERON *vs.* HUGH LITTLE.

*Landlord and tenant. Rent.*

When, under a tenancy of any nature, it is agreed that rent shall be paid at regular, stated periods, and the landlord voluntarily terminates the tenancy between such stated periods, he can recover nothing for occupation, after the last preceding pay day.

ON EXCEPTIONS to rulings in the superior court.

ASSUMPSIT for rent from July 1 to August 26, 1872, at fourteen dollars a month, amounting to twenty-six dollars and thirteen cents. The defendant hired the leased premises of the plaintiff just before the first of June, 1872, at the rental above stated, payable monthly. The month's rent due July 1, 1872, ($14,) was paid on that day. Upon the twenty-sixth day of the same month the plaintiff had a written notice to quit served upon the defendant. Upon the twenty-sixth day of August, the day fixed in that notice for the termination of the tenancy, the defendant yielded possession of the premises. No rent was paid after July 1, 1872. The ruling complained of was, that the plaintiff was entitled, not only to the fourteen dollars falling due on the first day of August, as rent for the month of July, but also to twelve dollars and thirteen cents for rent, at the stipulated rate, from the first day of August to the twenty-sixth day of that month.

*M. P. Frank*, for the defendant, relied upon *Robinson v. Deering*, 56 Maine, 357.

*Wm. H. Motley*, for the plaintiff.

WALTON, J. Where under a tenancy at will, or any other tenancy, it is agreed that the rent shall be paid quarterly, or monthly, or at any other regular stated periods of time, and the landlord voluntarily puts an end to the tenancy in the middle of the quarter, or the middle of the month, or at any other time between the

Cameron *v.* Little.

regular rent days, he cannot recover of the tenant rent for the fraction of time he occupied after the last regular rent day. The rent for the quarter, or the month, or other period of time agreed upon, is regarded as an indivisible item, and until the rent is due for the whole of one of these periods of time, in contemplation of law, there is nothing due. And it makes no difference whether the tenancy is created by a verbal or a written lease; for although our statutes declare that there can be no estate created in lands greater than a tenancy at will, unless by some writing signed by the grantor; still, it is well settled, both in England and in this country, that a verbal lease is not wholly void; that it is not only sufficient to establish the relation of landlord and tenant, by showing that the holding is permissive, and not adverse, but that so far as the amount of rent is concerned, and the times when it shall become payable, it is absolutely binding upon the parties and will control. Browne on the Statute of Frauds, § 39; Taylor's Landlord and Tenant, § 650; *Currier v. Barker*, 2 Gray, 226; *Nicholson v. Munigle*, 6 Allen, 215; *Robinson v. Deering*, 56 Maine, 357.

In this case the rent was payable monthly. The landlord by written notice ended the tenancy on the twenty-sixth day of the month. He can recover no rent for the twenty-six days.

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.