[No. 6575.]

## HALLETT, TRUSTEE, v. BARNETT.

LANDLORD AND TENANT—*Tenant Holding Over—Acceptance of Rent—Effect*—If the tenant for a term of years holds over after the expiration of his term the landlord may eject him as a trespasser, or may waive the wrong and treat him as a tenant, at his election, either for years or from month to month. The character of the tenancy depends on the will of the landlord, and not upon that of the tenant; but if the landlord would create a tenancy other than that from year to year his purpose in that behalf must be declared at the time—(436).

An intention not expressed is without effect—(436).

*Error to Denver County Court*—HON. GRANT L. HUDSON, Judge.

Mr. W. C. KINGSLEY for plaintiff in error.

Mr. H. H. HINDRY and Mr. ARTHUR F. FRIEDMAN for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

December 13, 1901, M. D. Barnett leased certain premises in the city and county of Denver, from Moses Hallett, as trustee of the estate of George W. Clayton, deceased, for a period of one year from January 1, 1902. The tenancy was evidenced by a written lease containing certain conditions, among which was the payment of a monthly rent of $70.00. Upon the date of the expiration of the aforementioned lease, and each year thereafter including the year 1904, Hallett, as trustee, executed and delivered to Barnett a like written lease of the premises, containing like terms and conditions. Upon the expiration of the last mentioned lease, no further written lease was given, but Barnett continued to occupy the premises, and to pay the same rent in monthly installments as before, which rent was accepted by Hallett through the latter's agent. This condition and relation of the parties continued until April, 1908, when Hallett undertook to terminate the tenancy by a ten days' notice to quit. Barnett, refusing possession of the premises, Hallett sought to recover the same by an action of unlawful detainer. Barnett's defense was a lease, resulting, by operation of law, from a holding over from year to year after the expiration of the term, previously granted by the last designated written lease. The evidence shows that Hallett carried on the business through an agent who was instructed to furnish written leases to all tenants; that it was the duty of the agent to prepare such leases

for Hallett's signature, and the latter did not remember the fact that Barnett had not been furnished with a written lease, until the year immediately prior to the institution of the suit. It further shows that upon the expiration of the last designated written lease, Barnett called the attention of Hallett's agent to the fact that a lease had not been written for the ensuing year. The agent made some excuse for his neglect and promised to prepare a written lease, but forgot to do so, collecting the rent, however, thereafter each month in advance. At the close of plaintiff's evidence, defendant moved for judgment of non-suit, which was granted, and the court gave judgment accordingly. Plaintiff brings the cause here for review on writ of error.

Hallett, when testifying, was asked whether it was his intention that Barnett occupy the premises as a monthly tenant or as a yearly tenant after the expiration of the written lease, and upon objection by counsel for Barnett, was not permitted to answer. This ruling of the court is claimed by plaintiff to constitute reversible error. We can not agree with him. On the contrary, we think if it was error at all, it was error without prejudice. While the legal presumption of a renewal of the tenancy from the holding of the tenant after the expiration of a written lease, can be rebutted by a proof of a contrary intention on the part of the landlord alone—*Weber v. Powers*, 213 Ill. 370, 379, 382—that intention must be manifested presently, and when once manifested controls the rights of the parties.

It is elementary that where a tenant for a term of years remains in possession, after the expiration of the term described in the lease, without any new contract authorizing him to do so, it is optional with the landlord to treat him as a trespasser or waive the wrong of holding over, and treat him as a tenant.—

*Sears v. Smith,* 3 Colo. 287, 288; *Reithman v. Branden-burg,* 7 Colo. 480.

It is equally certain, under such conditions, that "by accepting payment of a month's rent after the expiration of the term of the lease the landlord makes his election to treat the party as a tenant from year to year, upon the same terms as provided in the original lease."—*Eppstein v. Kuhn,* 225 Ill. 115, 122.

This is exactly what plaintiff did. He is bound by his own election, and he was in no wise injured by the action of the court in the premises.

The facts in the case of *Zippar v. Reppy,* 15 Colo. 260, are very similar to those in the case at bar, and the law as therein expressed demonstrates the correctness of the action of the court below. The judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.