[No. 10040. Department One. March 16, 1912.]

DUDLEY H. ROCKWELL, *Appellant*, v. EILER's MUSIC HOUSE, *Respondent*.[1]

LANDLORD AND TENANT—LEASE—PURPOSE. In the absence of any restrictions in a lease, the premises may be used for any lawful purpose.

EVIDENCE—PAROL—VARYING LEASE. Where a lease, complete in itself, requires the tenant to make any desired alterations, it cannot be varied by evidence of an oral contemporaneous agreement that the landlord should make certain alterations and improvements.

LANDLORD AND TENANT—LEASE—BREACH — REPAIRS — RIGHTS OF TENANT—RECOVERY OF RENT PAID—USE OF PREMISES. A tenant who leased part of a building intending to use the same as a theater, cannot recover damages for breach of the lease in that the landlord, "did not disclose" that the building could not, under the ordinances

[1]Reported in 122 Pac. 12.

of the city, be used for that purpose until an exit had been constructed, where the lease provided that the tenant should, at his own expense, make all changes and improvements in the building, and it was not alleged that the landlord refused to permit him to construct the exit, and did not mislead him as to the ordinances; since one contracting in a city with reference to matters governed by police regulations is charged with notice of the ordinances.

LANDLORD AND TENANT—LEASE—SURRENDER—ACCRUED RENT. On the termination of the relation of landlord and tenant, the right to accrued rent is fixed by the terms of the lease, whether the termination was by reentry or surrender, and whether the rent was payable in advance for a period beyond the time of the surrender, or already paid up in advance.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered October 3, 1911, dismissing an action on contract, upon sustaining a demurrer to the complaint. Affirmed.

*Stallcup & Keyes*, for appellant.

*Walter M. Harvey*, for respondent.

Gose, J.—This is an appeal from a judgment entered in favor of the defendant, after a demurrer had been sustained to the complaint and the plaintiff had declined to plead further. The appellant predicates his cause of action upon a lease which bears date July 7, 1910. The lease provides:

"That said party of the first part [the respondent] does by these presents lease and demise unto the said party of the second part [the appellant] that part of the second and third floors commonly known as the Temple of Music, situate and being in that building described as 843-845, C street, Tacoma, Washington, and room number one (1) on the second floor, with the appurtenances, for the term of five (5) years, from the 1st day of August, one thousand nine hundred and ten, for the sum of twelve thousand dollars ($12,000), payable in gold coin of the United States of America, as follows, to wit: The sum of one hundred and sixty-five dollars ($165) per month for the first year; one hundred and ninety dollars ($190) per month for the second year, and two hundred and fifteen dollars ($215) per month for the third, fourth and fifth years, as follows, to wit: The sum of three hundred and

eighty dollars ($380) at the time of the signing of this lease, being payment for the first and last month's rent, the receipt whereof is hereby acknowledged, and the rent thereafter shall be paid on the 1st of each and every month thereafter in advance during the said term of this lease; . . ."

The lease further provides that the respondent may re-enter the premises and remove all persons therefrom in case of a default in the payment of rent, or if default shall be made in any of the covenants of the lease, and obligates the appellant to pay the rent in the manner stipulated. It further provides that the respondent shall pay for light used by the appellant, and for the power to run the organ in the building; that all improvements and changes made by the appellant shall be at his expense; that they shall conform to the insurance laws and ordinances of the city; that they shall become a part of the building and remain therein after the expiration of the lease, and that if they increase the cost of the insurance on the building, the excess shall be borne by the appellant. The complaint is of too great length to be set forth *in extenso*. It alleges, in substance, that the appellant, with the knowledge of the respondent, leased the premises for the purpose of carrying on a moving picture show; that the premises, prior to and at the time of the letting, were used for public shows and entertainments, and were equipped with chairs and seats for that purpose; that the appellant did not know that the premises could not be used for the contemplated purpose; that the respondent "did not disclose" to the appellant that the premises could not "be any longer used for such purposes," or for the use of audiences for any purpose, "until an exit for escape in case of fire" should be constructed extending over a part of the building not included in the lease; that it was agreed that the appellant should make certain alterations and permanent improvements, "the same being considered, taken, and accepted as part payment in the rental charge of said premises, so that the cash rate of the monthly rental was proportionately re-

duced as stated in the lease in consideration of the same;" that the appellant entered into the possession of the premises and completed the improvements on the 30th day of September; that the chief of the fire department of the city then notified the appellant that the premises could not be used for moving picture shows until an exit was constructed in conformity with the city ordinance; that the respondent refused to construct the exit; that the appellant, on October 15, opened the show and was arrested by the city authorities; that on the 25th day of October, the respondent refusing to construct an exit, the appellant "then and there surrendered such leasehold estate and the keys thereof" to the respondent, and that it has since had the possession and control of the premises. It is further alleged:

"That thereafter, and on or about the 4th day of November, 1910, the said defendant commenced an action against this plaintiff upon said lease contract for the sum of one hundred and sixty-five dollars ($165) for the rent for the month of October, 1910. That thereafter, while said action was still pending, the said defendant agreed to and did terminate the said lease, and accepted the said surrender theretofore made of the same, . . ."

The appellant seeks to recover upon three causes of action. The first cause of action is for the recovery of $215 paid as rental at the time of the execution of the lease for the rent of the last month of the term. The second cause of action is for the recovery of the rent paid for the months of July, August, and September, 1910. The third cause of action is for the recovery of the amount paid by the appellant for repairs and improvements on the building, upon the allegation that the improvements are of a "lasting and beneficial" character. The three causes of action are so intimately associated that we will consider them together.

There being no restrictions in the lease as to the purposes for which the premises may be used, the appellant was at liberty to use them for all lawful purposes. *Hayton v. Se-*

16—67 Wash.

*attle Brewing & Malting Co.*, 66 Wash. 248, 119 Pac.
739. The lease is complete in itself, and its terms cannot be
changed by a contemporaneous parol agreement. *Hocker-
smith v. Ferguson*, 63 Wash. 581, 116 Pac. 11. The appel-
lant cannot recover under the terms of the lease by the mat-
ter pleaded. The allegation is that he had no knowledge of
the ordinance requiring the construction of an exit as a
prerequisite to the use of the building for a moving picture
show, and that the respondent "did not disclose" that fact
to him. This is true for two reasons, (1) the lease does not
limit the use of the building, and (2) the city ordinances
operate with all the force of a statute within the limits of
the municipality, and all persons "within the corporate ter-
ritory are bound to take notice of their provisions" when
duly enacted and promulgated, and to obey them. 28 Cyc.
291-2. All persons who contract within the limits of a mu-
nicipality in reference to matters which are governed by
police regulations are charged with knowledge of their pro-
visions. *North Birmingham St. R. Co. v. Calderwood*, 89
Ala. 247, 7 South. 360, 18 Am. St. 105; *Central R. & Bank-
ing Co. v. Brunswick & W. R. Co.*, 87 Ga. 386, 13 S. E. 520;
*Hope v. Alton*, 214 Ill. 102, 73 N. E. 406; *Palmyra v. Mor-
ton*, 25 Mo. 593; *Buffalo v. Webster*, 10 Wend. 100.

It is not important whether the matter set forth in the
complaint be treated as a reentry and termination of the
lease for the nonpayment of rent, or a surrender. In either
case, there was a termination of the relation of landlord and
tenant, and the right of the landlord to accrued rent was
fixed and determined by the terms of the lease.

"A surrender has no effect upon the liability of the tenant
for rents accrued at the time of the surrender. And this is
true though the rent was payable in advance for a period
beyond the time of the surrender, and *a fortiori* rent paid
in advance cannot be recovered on surrender." 18 Am. &
Eng. Ency. Law (2d ed.), 295.

The same rule is well stated in *American Bonding Co. v. Pueblo Inv. Co.*, 150 Fed. 17, as follows:

"The termination of a lease during its term by surrender, by reentry, or by eviction, without more, discharges the lessee from liability for rents that have not accrued, but leaves him liable for all the rents which have accrued and become due, and for the performance of all covenants whose fulfillment is due."

See, also, *Cameron v. Little*, 62 Me. 550; *Learned v. Ryder*, 61 Barb. 552; *Sperry v. Miller*, 16 N. Y. 407.

*Taylor v. Finnigan*, 189 Mass. 568, 76 N. E. 203, 2 L. R. A. (N. S.) 973, is an instructive case upon all the questions under consideration, and is directly in point. In that case it was held that a lessor of a building, used by the lessee as a theater, who has not covenanted to make repairs, does not breach the lease by failing to furnish additional means of egress ordered by the inspector of public buildings, for want of which the lessee's license to carry on theatrical performances was suspended. In that case, as in the case at bar, it was alleged that the order requiring additional means of egress could not be complied with within the portion of the building demised to the defendant. In addressing itself to that question, the court observed that there was no averment that, upon request, the landlord refused to assent to such repairs being made by the lessee, so far as they were necessary to comply with the order. Nor is there such an allegation in the complaint in the case at bar. The averment here is that the respondent refused to provide the means of egress. It is not necessary to consider what the appellant's rights would be if, upon request, the respondent had refused him permission to construct an exit upon the walls of the unleased portion of the premises. Nor is it necessary to consider whether such right was implied from the terms of the lease and the facts pleaded.

*Rosenbaum v. United States Credit System Co.*, 64 N. J. L. 34, 44 Atl. 966, cited by the appellant, is not in point.

The decision in that case is based upon the principle that a mistake in regard to the law of another state is a mistake of fact, and it was held that, where an employer, with knowledge of the laws of a sister state, engages an employee who has no knowledge of the laws of that state to enter into a contract for service to be rendered therein forbidden by the laws of that state, the employer is liable for damages upon the ground of fraud. It is scarcely necessary to say that the case is not in point. Nor are the authorities upon the question of a failure of consideration pertinent to the facts pleaded.

In conclusion, it suffices to say, that the use of the premises was not limited by the terms of the lease; that the lease is complete in itself; that the respondent did not engage to make any repairs or improvements upon the premises; that the appellant did engage to make certain improvements; that both parties were bound to take notice of the police regulations of the city where the subject-matter of the contract was situated; that there is no averment that the respondent misled the appellant, or that it refused to permit him to construct the exit upon the wall of the building without the terms of the lease; that upon the cancellation or surrender of the lease, the appellant was obligated to pay all rent that had accrued by the terms of the lease, and that the complaint, when read with the lease, shows no breach of any of its terms or of any legal duty upon the part of the respondent.

The judgment is therefore affirmed.

CHADWICK, PARKER, and CROW, JJ., concur.