Argued April 3, affirmed May 22, 1928.

## GEORGE A. TRACY v. OTTO THUN.

(267 Pac. 398.)

**Landlord and Tenant—Surrender of Lease and Acceptance by Lessor Extinguishes Liability for Rent Subsequently Accruing.**

1. Surrender of a lease by lessee and acceptance by lessor extinguishes any liability to pay rent accruing subsequent to any such acceptance, since acceptance of surrender of unexpired term prior to accrual of rent effects a discharge of all subsequent liability.

**Landlord and Tenant — Lessee Surrendering Premises After Having Full Use Thereof for Growing of Agricultural Crops for Year cannot Escape Payment of Rent for Entire Year.**

2. Where lessee of tillable lands, under lease requiring payment of rentals on or before May 1st and on or before November 1st of each year, had full use of premises for growth of agricultural crops for entire year before surrendering lease, he was not released from obligation for payment of rent for such year, payable November 1st.

**Appeal and Error—Findings of Court on Trial Without Jury cannot be Set Aside, if Supported by Evidence (Const., Art. VII, § 3-c).**

3. On a trial to court without jury, findings of court have the effect of verdict by jury, and, under Constitution, Article VII, Section 3-c, they cannot be set aside, unless appellate court can affirmatively say there is no evidence to support them.

Appeal and Error, 4 C. J., p. 876, n. 78, p. 880, n. 99.
Evidence, 23 C. J., p. 141, n. 1.
Landlord and Tenant, 36 C. J., p. 337, n. 74, p. 338, n. 85.

1. Surrender and acceptance of term as affecting right to recover rent or on obligation given for rent, see note in 18 A. L. R. 957. See, also, 16 R. C. L. 973, 1158.
3. See 2 R. C. L. 203.

From Clackamas: J. U. CAMPBELL, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Ganoe & Ganoe,* with an oral argument by *Mr. J. H. Ganoe.*

For respondent there was a brief and oral argument by *Mr. Wm. M. Stone.*

BROWN, J.—This is an appeal from a judgment in favor of the plaintiff, for $550 alleged to be due as rental for unimproved tillable farm lands. The plaintiff let to the defendant for farming purposes, for a period of four years, the tillable land situate on a 170-acre tract, for the agreed rental of $600 per year, $300 to be paid on or before May 1st, and $300 on or before November 1st, of each year. The lease by its terms terminated on October 1, 1927. The defendant cropped the farm lands and paid his rent for the years 1924 and 1925, but defaulted in 1926.

The cause was tried to the court without a jury. The court found as a fact that of the 1926 rental defendant had paid only $50 under the lease, which amount was paid on or before September 4, 1926; that he had harvested all of the crop raised on the farm during that year, and had removed it from the place and left and vacated the premises. As a conclusion therefrom, the court found that the sum of $550 was due and owing to plaintiff for rent for the year 1926.

The defendant contends that he surrendered the premises to plaintiff's possession in September, 1926, and that such surrender and alleged acceptance thereof amounted to a remission of the claim for rent for the second half of the year.

1. It is well established that the surrender of a lease by the lessee and its acceptance by the lessor extinguishes any liability to pay rent accruing subsequent to such acceptance: *Ladd* v. *Smith,* 6 Or. 316; *Meagher* v. *Eilers Music House,* 77 Or. 70 (150 Pac. 266); *Alvord* v. *Banfield,* 85 Or. 49 (166 Pac. 549); *Willis* v. *Kronendonk,* 58 Utah, 592 (200 Pac. 1025, 18 A. L. R. 947), and extensive note upon the subject of surrender and acceptance of term as affecting right to recover rent or to recover on obligation given for rent. See, also, 2 Underhill on Landlord and Tenant, § 730; 2 Tiffany on Landlord and Tenant, § 191.

However, in the leading case of *Willis* v. *Kronendonk, supra,* a case relating to the mutual obligation of landlord and tenant as to payment of rent, it was held that the courts will take judicial notice that, in the case of farm lands used for agricultural purposes, there is a dormant and a growing season in each year. This is the generally accepted doctrine. Therefore, in determining the controversy in this case, the nature of the subject matter of the lease must be considered. The record shows that there were no buildings on the premises; that the lands were of value to the lessee only by reason of the agricultural crops grown on the place; that the crops for 1926 consisted of cheat, oats and vetch, all of which had been harvested and removed from the premises prior to September 1, 1926, on or about which date the defendant declared, in effect, that he was giving up his occupancy and possession of the land.

It is a general rule that a landlord cannot recover rent from a tenant where the landlord has accepted a surrender of the unexpired term prior to the accrual of the rent claim, because a discharge from all subse-

quent liability is effected thereby. See authorities collected in note, 18 A. L. R. 960.

2. But, in the case at bar, according to the findings made by the trial court, there was not such an acceptance of the surrender of the premises as would satisfy the obligation owing to the landlord by the tenant. The record shows beyond question that the tenant had the full use of the premises for the growing of agricultural crops for the year 1926, and that he harvested and removed his produce and abandoned the premises.

3. On a trial to the court without a jury, the findings of the court have the effect of a verdict by jury. Therefore, these findings cannot be set aside unless the court can affirmatively say there is no evidence to support them: Or. Const., Art. VII, § 3–c.

In view of the above constitutional provision, it is our duty to affirm the judgment of the court below.

AFFIRMED.

Neither party will recover costs in this court.

RAND, C. J., and BEAN and BELT, JJ., concur.