## No. 13,171.

### WELLS *v.* BLYSTAD.
(14 P. [2d] 1078)

Decided September 19, 1932.

Messrs. ELLIS & FEIGEL, for plaintiff in error.

Messrs. GOSS & HUTCHINSON, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

PLAINTIFF in error leased from defendant in error premises for residence purposes; the lease, in writing, provided for a term from November 20, 1930, to November 30, 1931; the rental was $45 per month, payable monthly in advance. In December, 1930, at the instance and for the convenience of the tenant, the account was so adjusted that thereafter the rent, still to be paid in advance, should be payable on the first of the month, which modified arrangement was observed throughout the remainder of the reserved period. At the expiration of the lease, and without other agreement, the tenant continued to occupy the premises and pay rental, just as under the lease he had previously done, which payments the landlord accepted as before. Such payments were made for the months of December, 1931, and January and February, 1932. The fore part of March, 1932, without having paid the rental for that month, the tenant vacated the property. On the theory that the tenant owed for the entire month the landlord instituted suit for $45.

The trial was to a jury. At the conclusion of the testimony the tenant moved generally for a favorable verdict, and the landlord moved for a directed verdict of $45. The court denied the tenant's motion, but granted that of the landlord. From consistent judgment the tenant prosecutes error. The assignments relied on are: (1) Sustaining the landlord's motion for a directed verdict; (2) denying the tenant's like motion; and, (3) sustaining an objection to an inquiry made of the landlord as to whether he was claiming that the tenant was holding over under the lease.

The motions made at the conclusion of the testimony, to emphasize a well known rule in this jurisdiction, were tantamount to withdrawing the case from the

consideration of the jury and submitting the issues to the court. *Parker v. Plympton,* 85 Colo. 87, 273 Pac. 1030.

As to the tenant's motion, it is clear that it was without merit, for on any hypothesis liability attached in some amount. The court's holding on the landlord's motion, equivalent to finding facts justifying the judgment, if supported by competent evidence, concludes us.

The lease, as we have seen, was for a period slightly in excess of one year and the rental was payable monthly in advance. At the expiration of the term, with no new agreement intervening, the tenant continued his occupancy and paid rent, which the landlord accepted unconditionally, as under the lease. The conduct of the parties operated to extend the lease according to the terms. *Hallett v. Barnett,* 51 Colo. 434, 118 Pac. 972. It follows that since the tenant was obligated to pay a monthly rental of $45 in advance, the surrender of the premises some days subsequent to the date when payment for a given month was due, did not absolve him from liability for the entire month. The court rightly resolved the matter and did not err in sustaining the landlord's motion. 36 C. J. 340, §1149; 16 R. C. L. 974, §485; *Rockwell v. Eiler's Music House,* 67 Wash. 478, 122 Pac. 12; *American Bonding Co. v. Pueblo Inv. Co.,* 150 Fed. 17.

The third objection is not tenable. By accepting payment of rent after the expiration of the term of the lease the landlord made his election to waive the wrong of holding over, as by the payment the tenant disclosed his purpose to continue the tenancy. Payment on the one hand and receipt on the other made presently manifest the intention of the parties and bound them accordingly. The claims or views of either on the subject as of a later time, could not affect the situation created by their mutual immediate acts. The testimony sought to be elicited was properly excluded. *Hallett v. Barnett, supra; Eppstein v. Kuhn,* 225 Ill. 115, 80 N. E. 80; *Weber v. Powers,* 213 Ill. 370, 72 N. E. 1070.

Other assignments, although not argued, have been considered, but we believe them without merit.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.