400 P.2d 507

**Richard N. PETERSON and Maxine H. Peterson, Plaintiffs and Respondents,**

v.

**J. Lowell PLATT and Joseph W. Beesley, Defendants and Appellants.**

**No. 10096.**

Supreme Court of Utah.

April 1, 1965.

Phil L. Hansen, Salt Lake City, for appellants.

McKay & Burton, Macoy McMurray, Salt Lake City, for respondents.

WADE, Justice:

The plaintiffs Peterson and wife, respondents here, sued defendants Platt and Bees-

---

ley, appellants here, for forcible entry and detainer and conversion of personal property connected with the lease and possession of the lot and buildings thereon known as Arctic Circle Drive-In at Highland Drive and Gunn Avenue in Salt Lake City. The trial court awarded the Petersons a judgment against Platt for conversion of materials and equipment on the property and for mental anguish and punitive damages in the total sum of $13,650.04. From this judgment the defendant Platt appeals.

On June 10, 1960, the plaintiffs, the Petersons, by written agreement leased from defendants Platt and Beesley, the Drive-In property for a 10-year period on which to operate that business. The possession was to commence on August 10, 1960, after the building was complete, but there was a further delay to August 23, 1960, and the parties agreed that the $625 per month rental would commence on that day. When the lease was signed the Petersons made a down payment of $1,250 to be applied to the last two months of the 10-year rental period. This business was operated in connection with the Arctic Circle, Inc., which sold to plaintiffs special equipment, part on conditional sales contracts and part on open account. Plaintiffs were pressed to make enough money to keep the business going but claimed they were breaking even by August, 1962. At this last date they wanted to sell the business, which they estimated to be worth $36,000.

On August 13, 1962, Peterson offered to sell to Platt. At that time they had missed payment of two prior monthly rentals. Peterson proposed either a sale of the business to Platt or a change in the monthly rental payments of a percentage of the monthly rental of the business. Platt refused both propositions but no demand was made at that time that the rental be brought up to date, and no indication was made of an intention to terminate the lease.

On the next morning, August 14, 1962, in the absence of Peterson and his helpers, Platt went into the Drive-In premises, changed the door locks, parked his camper near the building and took possession of the premises. When Peterson came later he was refused permission to remove perishable goods, or the books and records and definitely told that the matter would be settled in court. Later throughout that day considerable negotiations occurred between Platt, the Petersons and Arctic Circle, Inc., but no settlement was made, and a careful study of the record clearly shows that the Petersons retained their right to maintain this action for conversion of their property under our forcible entry and detainer statute.[1]

Our previous decisions construing our forcible entry and detainer statute

1. See 9 U.C.A.1953, Forcible Entry and Detainer, 78–36–1 to 11.

**332**

places a duty on a person whether entitled to the real property in question or not, to not use force or stealth or fraud in obtaining possession of such realty. Such forcible entry and detainer statute creates a right in a person who is in actual peaceable possession of such real property to a cause of action against a person who, in his absence, and without legal process, by force, stealth or fraud, takes the possession of such property from him.[2] Such being the law, the judgment is affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

2. See Paxton v. Fisher, 86 Utah 408, 45 P.2d 903; Woodbury v. Bunker, 98 Utah 216, 98 P.2d 948; Paxton v. Deardon, 94 Utah 149, 76 P.2d 561; Buchanan v. Crites, 106 Utah 428, 150 P.2d 100, 154 A.L.R. 167; King v. Firm, 3 Utah 2d 419, 285 P.2d 1114; Lambert v. Sine, 123 Utah 145, 256 P.2d 241.