**C.E. BUTTERS and Betty Butters, Plaintiffs and Appellees,**

v.

**Tina JACKSON and Kelly Norton, Defendants and Appellants.**

No. 950361–CA.

Court of Appeals of Utah.

May 9, 1996.

Martin S. Blaustein, Ogden, for Appellants.

C.E. Butters, North Ogden, pro se.

Before DAVIS, BENCH and WILKINS, JJ.

BENCH, Judge:

Defendants (tenants) entered into a written agreement with plaintiffs (landlords) to lease residential real property. Tenants contend the trial court erred by upholding certain provisions of their lease contract in violation of several statutes. We affirm.

## BACKGROUND

After serving tenants with a three-day notice to quit or pay rent, landlords filed a complaint for unlawful detainer against tenants, alleging nonpayment of rent. A bench trial was held and the trial court awarded landlords a judgment for back rent, court costs, and treble damages. The order of restitution restored landlords to their property and ordered tenants removed from the premises. The trial court also ordered tenants to leave their personal property on the premises as required by the lease.

Tenants moved for an immediate hearing, challenging the court's order as it pertained to their personal property. At that hearing, the court issued an amended order allowing the tenants to retrieve their children's prescription medicines, clothing, bedding, and educational materials. All other aspects of the court's original order were upheld.

Tenants then moved for relief from judgment pursuant to rule 60(b)(7) of the Utah Rules of Civil Procedure. The motion alleged that the trial court's order violated the following statutory provisions: the order of restitution statute, Utah Code Ann. § 78–36–10.5 (Supp.1995); the lessors' lien statute, Utah Code Ann. §§ 38–3–1 and –4 (1994); and the exempt property statutes, Utah Code Ann. §§ 78–23–5, –8, and –11 (1992). Tenants appeal from the denial of their rule 60(b) motion.

## STANDARD OF REVIEW

■ The denial of a motion to vacate a judgment pursuant to rule 60(b) is ordinarily reversed only for an abuse of discretion. *Department of Social Servs. v. Vijil*, 784 P.2d 1130, 1132 (Utah 1989).

## ANALYSIS

Tenants argue that the order of restitution issued by the trial court improperly denied them the opportunity to remove their personal property from the leased premises. Further, tenants assert that the trial court improperly allowed landlords to retain tenants' personal property without obtaining a writ of attachment and bond. Tenants also allege that at least part of the property retained by landlords was property exempt from execution.

### Restitution under Unlawful Detainer

Utah Code Annotated § 78–36–10.5(1) provides: "Each order of restitution shall (a) direct the defendant to vacate the premises, remove his personal property, and restore possession of the premises to the plaintiff." The order of restitution issued by the trial court in this case required that "all defendant[s'] personal property be left at the premises." Tenants therefore claim the trial court's order of restitution is contrary to the statute.

■ In the instant case, the order of restitution statute must be read in conjunction with provisions creating lessors' liens. *See Jerz v. Salt Lake County*, 822 P.2d 770, 773 (Utah 1991) (holding that potentially conflicting legislative acts are to be construed in harmony with each other and to avoid conflicts).

■ A lessors' lien can be created by statute. Utah Code Ann. § 38–3–3 (1994) ("Whenever any rent shall be due and unpaid under a lease, or the lessee is about to remove his property from the leased premises, the lessor may have the personal property of the lessee which is upon the leased premises and subject to such lien attached without other ground for such attachment.").[1] A lessors' lien can also be created by contract. *Frisco Joes, Inc. v. Peay*, 558 P.2d 1327, 1329 (Utah 1977) (validating lease term granting landlord contractual lien against tenant's personal property which was to remain on premises until rent paid). Therefore, although the order of restitution statute envisions the re-

turn of personal property to the tenant, it does not preclude the creation and enforcement of a lessors' lien. To hold otherwise would allow the order of restitution statute to destroy or nullify the effect of an otherwise valid lessors' lien.

### Statutory and Contractual Liens

As mentioned, a landlord may obtain an interest in a tenant's personal property through either a statutory lessors' lien or a lease contract. The lessors' lien statute provides that a landlord "shall have a lien for rent due upon all nonexempt property of the lessee brought or kept upon the leased premises." Utah Code Ann. § 38–3–1 (1994). Section 38–3–4 provides that before a landlord may obtain a writ of attachment for the property, the landlord must file a complaint, with an accompanying affidavit and bond. *See id.* § 38–3–4. Tenants claim landlords retained their property without complying with section 38–3–4.

■ However, the statutory lessors' lien, as provided in sections 38–3–1 through 38–3–8, is separate and distinct from a lien created by contract. *Citizens Bank v. Elks Bldg., N.V.*, 663 P.2d 56, 57–60 (Utah 1983) (analyzing claims of both statutory lien and contractual lien on tenants' personal property); Robert S. Schoshinski, *American Law of Landlord and Tenant* § 6.23, at 441–42 (1980) (lessors' contractual lien "exists independently of the right of distress or a lien conferred by statute"); 5 *Thompson on Real Property* 31 (David A. Thomas ed. 1994) ("When not prohibited by statute, a consensual lien in favor of the landlord may exist independently of distraint or statutory lien rights.").

■ To establish a contractual lien, the contract must: "(1) identify the property to be charged, and (2) make clear that the lien is to secure payment of the debt in question." *Citizens Bank*, 663 P.2d at 59. In *Citizens Bank*, the Utah Supreme Court considered, in detail, the requirements for a contractual lien. A lease providing that "any unpaid rent would be a lien against the lessee's personal

---

1. The statutory lessors' lien would allow the breaching tenant to remove exempt property, but the nonexempt property would be subject to the lien. Utah Code Ann. § 38–3–1 (1994).

property, which was not to be removed until all rent was paid," was determined to meet the criteria of a contractual lien. *Id.* (citing *Frisco Joes,* 558 P.2d at 1329–30). In *Citizens Bank,* the lease provided that the landlord could "reenter the premises ... and take possession of the same and all equipment and fixtures therein, and thereafter relet the premises or any part thereof for the account of the tenant." *Id.* This did not meet the criteria for a contractual lien because it did not "state that its purpose is for securing rent, nor does it in any way suggest that a charge is created against lessee's property from which rent may be collected." *Id.* at 60.

By comparison, the lease in the instant case expressly provides: "Furniture, fixtures and personal property of tenant may not be removed from the premises until rent or other charges are fully paid." The lease satisfies the first prong of the *Citizens Bank* test by identifying the tenants' furniture, fixtures, and personal property as the property to be charged. The lease also satisfies the second prong of the test by providing that the described property is to secure payment of the rent in that it "may not be removed from the premises until rent or other charges are fully paid." This language is very similar to that found in the contractual lien upheld in *Frisco Joes.* Therefore, the lease agreement in the instant case created a contractual lien.

Because the contractual lien is separate and distinct from the statutory lessors' lien, the lessor need not follow the unique requirements for enforcing a statutory lien. Further, a contractual lien is a security interest under Article 9 of the Uniform Commercial Code. Schoshinski, *supra,* § 6.23, at 443 ("The landlord's contractual lien is generally considered a chattel mortgage, and as such is a 'security interest' under Article 9 of the Uniform Commercial Code.").[2] Landlords in the instant case properly enforced their security interest in tenants' personal property as part of the unlawful detainer action.

2. Utah has adopted the Uniform Commercial Code. Utah Code Ann. § 70A–9–104(b) (1990) provides that landlord's liens are excluded from article nine. However, in other jurisdictions,

### Exempt Property

Tenants next assert that landlords should not have been allowed to retain property exempt from execution pursuant to Utah Code Ann. §§ 78–23–5 and –8. Tenants further contend that the exemptions may not be waived pursuant to section 78–23–11.

Section 78–23–11 prohibits the waiver of exemptions in favor of *unsecured* creditors. A landlord who is a secured creditor by virtue of a contractual lien does not fit that category. *See* Utah Code Ann. § 78–23–2(8) (1992) ("'Security interest' means an interest in property created by contract to secure payment or performance of an obligation."); *Wellbro Bldg. Co. v. McConnico,* 421 P.2d 837, 840 (Okla.1966) (holding contractual lien in lease creates security interest). Utah Code Ann. § 78–23–10(2) (1992) provides that a security interest in exempt property is enforceable. Thus, because we have determined that the lease created a security interest in landlords' favor, and because a security interest in exempt property is enforceable, the trial court did not abuse its discretion in denying tenants' motion to vacate the judgment under rule 60(b).

### CONCLUSION

The lease in this case created a contractual lien in the tenants' exempt and nonexempt personal property. The lien was a security interest and its enforcement in the unlawful detainer action was proper. The trial court therefore did not abuse its discretion in denying tenants' motion for relief from judgment under rule 60(b). Affirmed.

DAVIS, Associate P.J., and WILKINS, J., concur.

UCC 9–104(b) has been interpreted as excluding only statutory lessors' liens. Schoshinski, *supra,* § 6.23, at 443 n. 37. We conclude that a contractual lessors' lien is covered by article nine.